IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 04-CR-40030-JPG |
| | ) |
| JOSEPH SANDERS, | ) |
| | ) |
| Defendant. | ) |

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

**GILBERT, District Judge:**

This matter came before this Court on July 18, 2005, for purposes of a bench trial. The defendant was charged with possessing a weapon on March 14, 2004, while an inmate in a federal prison, the United States Penitentiary at Marion, Illinois, in violation of Title 18, United States Code, Section 1791(a)(2).  During its case, the Government presented six witnesses:  Federal Bureau of Prisons ("FBOP") Correctional Officer Wayne Boaz, FBOP Correctional Officer Matthew Grant, FBOP Law Enforcement Coordinator (retired) Larry Kammerer, FBOP Special Investigative Services Technician David Null, FBOP Electrician Steve McKinney, and Acting Inmate Systems Manager Curtis Runge.  The Government also introduced five exhibits during its case: a digital video disc (DVD) taken from a unit video camera depicting a search of defendant's person on March 14, 2004 (Government's Exhibit 1)[1], an object taken from defendant's shoe by correctional officers on March 14, 2004

---

[1] The Court notes that the DVD was shown at trial using proprietary software available only to the United States Attorney's Office and its law enforcement partners.  Should Sanders appeal his conviction, the Court of Appeals should be aware that in order to view this evidence, it will be necessary to enlist the assistance of the United States Attorney's Office.

(Government's Exhibit 2), a photograph of the object (Government's Exhibit 3), a light fixture housing in use at USP-Marion (Government's Exhibit 4), and a computer generated printout showing defendant's cell assignments while incarcerated at USP-Marion.  All of these exhibits were admitted.

During his case, defendant called two witnesses: FBI Special Agent Bastian Freund and himself.  During cross-examination of the Government's witnesses, defendant introduced FBOP Program Statement 5212.07 (Defendant's Exhibit 1), FBOP Program Statement 5221.05 (Defendant's Exhibit 2), FBOP Program Statement 5566.05 and Change Statement (Defendant's Exhibit 3),  FBOP Program Statement 5110.13 (Defendant's Exhibit 4), and  FBOP Program Statement 3420.09 and Change Notice (Defendant's Exhibit 5).  Of these, Defendant's Exhibits exhibits 2, 3, and 5 were admitted.

After considering all of the testimony of the witnesses and the exhibits admitted into evidence, and after hearing the arguments of counsel, the Court found defendant guilty of the offense charged in the indictment.  The Court based its verdict on the findings of fact and conclusions of law set forth below.

**I.      Conclusions of Law**

The following constitute the essential elements which the Government must prove beyond a reasonable doubt in order to prove a defendant has violated Title 18, United States Code, Section 1791(a)(2):

> First:           the defendant knowingly possessed a prohibited object in a federal prison;
>
> Second:      the prohibited object was a weapon; and,

        Third:        the defendant was an inmate.

## II. Findings of Fact

The Court finds that the evidence proved the following facts beyond a reasonable doubt:

    1.    On March 14, 2004, defendant was a federal inmate incarcerated at the United States Penitentiary at Marion, Illinois.[2]

    2.    On March 14, 2004, defendant was assigned to the Special Housing Unit, also known as Z-Unit, B-Range, Cell 11, which he occupied alone.

    3.    On March 14, 2004, at approximately 5:50 p.m., Correctional Officers Wayne Boaz, Matthew Grant, and Jesse Beal were conducting routine contraband searches of inmates and their cells in Z-Unit, including defendant and his cell.

    4.    After conducting a search of his cell and its contents, the Correctional Officers conducted a pat down search of defendant and instructed him to remove his shoes so that they could be searched as well.

    5.    In defendant's right shoe, Correctional Officer Boaz found an object wrapped in toilet paper and plastic wrap which smelled of feces.[3]

    6.    The search of defendant and the finding of the object in defendant's shoe by Officer Boaz was captured and preserved on video by a stationary range camera

---

[2] During his closing argument defense counsel advised the Court that defendant was not contesting this fact and agreed that the evidence was sufficient to establish this element of the offense.

[3] The testimony established that it is common for inmates to conceal valuable contraband, such as weapons, in their rectums in an effort to prevent correctional officers from finding it.

(Government's Exhibit 1).  This video corroborates the testimony of both Officers Boaz and Grant regarding the search of defendant's shoe and the finding of the object therein.

    7.    Correctional Officers unwrapped the toilet paper and plastic from the object and discovered an approximate 3½ inch piece of metal which had been sharpened to a point (Government's Exhibit 2).  This object is accurately depicted in Government's Exhibit 3.

    8.    Government's Exhibit 2 is a homemade weapon which is capable of inflicting serious bodily injury.[4]

    9.    Defendant knowingly possessed this weapon in his shoe on March 14, 2004.

    10.    Defendant's testimony (1) regarding the events before, during and after the search of his cell and his person, (2) that he did not knowingly possess the weapon and (3) that correctional officers "planted" the weapon in his shoe is not credible.  In making this finding, the Court has evaluated the demeanor and testimony of defendant, as well as the Government's witnesses, and specifically finds that the testimony of the Government's witnesses is credible.  Furthermore, part of defendant's testimony is inconsistent with video evidence of the search of defendant's cell and person.

    11.    The United States Penitentiary at Marion is located in Williamson County which is within the Southern District of Illinois.

Based upon the foregoing, the Court finds defendant **GUILTY** of knowingly possessing a weapon on March 14, 2004, while he was an inmate incarcerated within the

---

[4]During his closing argument defense counsel advised the Court that defendant was also not contesting this fact and agreed that the evidence was sufficient to establish this element.

United States Penitentiary at Marion, Illinois, in violation of Title 18, United States Code, Section 1791(a)(2).[5]

**IT IS SO ORDERED.**

**DATED:  September 27, 2005**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**District Judge**

---

[5]In making the foregoing findings, the Court has not considered evidence of an inculpatory statement allegedly made by defendant after the weapon was found in his shoe.  The Court has also not considered defendant's prior criminal history as substantive or impeachment evidence.